## HASSELMAN v. GAAR and others.[1]

*(Circuit Court, D. Indiana.   November 18, 1886.)*

1. PATENTS FOR INVENTIONS—STRAW-STACKERS.

  The sixth and eighth claims of reissued letters patent No. 10,347, (original No. 274,940,) issued November 22, 1883, to Lewis W. Hasselman, for a straw-stacker, *held* anticipated by patent No. 152,760, of July 7, 1874, to Morey, for hay and grain elevator.

2. SAME.

  Claim 3 of letters patent No. 290,050, issued December 11, 1883, to Lewis W. Hasselman, for a straw-stacker, does not cover a new combination, and, as added to a straw-stacker, is nothing but an aggregation of well-known devices, which in their new relation perform no new office, and such claim is therefore void.

In Chancery.
*C. P. Jacobs,* for plaintiff.
*Wood & Boyd,* for defendants.

WOODS, J.   The complainant is the patentee and owner of letters patent No. 10,347, reissue of No. 274,940, and of original patent No. 290,050, and charges, that the defendants have infringed the sixth and eighth claims of the reissue, and the third claim of the last-named patent, by manufacturing and putting upon the market a straw-stacker embodying the combinations set forth in those claims, respectively.   The claims in question read as follows:

"(6) In a straw-stacker, the folding straw-carrier, A, B, the supporting frame, F, F, the revolving plate, $b$, and the straw-carrier braces, G, G, adapted to rotate upon the axis, E, when the carrier frame is tilted, in combination with the axis, E, the windlass, L, and a rope connecting the windlass with the carrier, substantially as and for the purpose described."

"(8) In a straw-stacker, the folding and tilting carrier, A, B, adapted to revolve on the fifth wheel, $b$, in combination with such wheel, a supporting frame, the stay-rope, $l$, brace, $l^1$, windlass, L, and its crank, $e$, located and operated below the carrier frame, substantially as described."

"(3) In a straw-stacking machine, the windlass, $sp$, mounted on a shaft, $s^3$, the cogged gearing, $cg$, $cg^1$, shaft, $s^2$, and crank, $cr$; the shaft, $s^3$, being provided with a ratchet, engaging a pawl on the frame, as set forth, in combination with the chain, $ch$, and carrier arm, P, substantially as described, and for the purpose set forth."

The defendants deny novelty and invention in each of these claims, and make the following references to the prior art, to-wit, letters patent of the United States granted D. Morey, July 7, 1874, No. 152,-760; W. R. Maloy, September 12, 1882, No. 264,311; J. D. Edward, February 20, 1877, No. 187,607; J. W. Perkinson *et al.,* April 17, 1883, No. 275,941; H. Cortelyou, December 26, 1882, No. 269,561; J. Q. Adams, May 2, 1876, No. 176,916; M. T. Reeves, reissue, September 26, 1882, No. 10,208; C. E. Merrifield, March 20, 1883, No. 274,134; J. C. Lindley, March 20, 1883, No. 274,205; C. E.

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

Merrifield, February 20, 1883, No. 272,572; D. Sherry, February 20, 1883, No. 272,487; M. T. Reeves *et al.*, February 13, 1883, No. 272,155; H. D. Sprague *et al.*, July 25, 1882, No. 261,770; H. S. Stone and J. M. F. Shepler, February 6, 1883, No. 271,943; J. M. Crawford, March 6, 1883, No. 272,470; H. Cortelyou, May 9, 1882, No. 257,556; No. 25,540, granted to T. F. Christman, June 28, 1859; No. 24,912, granted to J. Y. Parce, July 26, 1859; No. 263,151, granted to J. P. Edwards, August 22, 1882; No. 265,775, granted to G. B. Allis, December 12, 1882; also English letters patent dated October 25, 1872, No. 3,169, granted to Thomas Perkins, and English letters patent, No. 700, dated February 29, 1868, granted to William Barford and William Perkins.

There is a close resemblance, if not a mechanical identity, between the model in evidence of defendant's machine and that of complainant in respect to the claims in question; but, in view of these references, it seems to me quite clear that the bill must be dismissed. There is certainly nothing new in the combination described in the third claim of No. 290,050, and, as added to a straw-stacker, it is nothing but an aggregation of well-known devices, which in their new relation, if it can be called new, perform no new office.

In respect to the other claims,—sixth and eighth of No. 10,347,—their respective parts or equivalents, substantially in the same combination, and performing like functions, are all found in the drawings and model exhibited in evidence of the Morey "Hay and Grain Elevator," patent No. 152,760, issued July 7, 1874; the complainant's patent bearing date as late as 1883. Other earlier patents show many, but not all, of the parts of complainant's combinations, and are therefore not complete anticipations; but, in connection with Morey's patent, exclude all reasonable pretense of invention on the part of the complainant.

In order to convert the Morey machine into substantial identity of mechanism and use with that of the complainant, in so far as the sixth and eighth claims are concerned, there was needed, as is shown by a comparison of the models and by the testimony of experts on either side, no addition, nor essentially new combination, of parts, but only a reversal of the direction of motion of the carrier, an elimination of some parts, and other slight changes, within the ready scope of ordinary mechanical skill.

It follows that the bill must be dismissed. So ordered.